**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 170379-U

Order filed November 6, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0379 Circuit No. 16-CF-771 |
| | ) | |
| LEON DYWONE SIMPSON SR., | ) ) | Honorable Frank R. Fuhr, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Schmidt and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defense counsel did not provide ineffective assistance for failing to file a motion to quash the search warrants. The trial court did not err when it denied the defendant's motion to suppress evidence.

¶ 2     The defendant, Leon Dywone Simpson Sr., appeals his conviction and sentence. He argues that his counsel provided ineffective assistance and the trial court erred in denying his motion to suppress evidence.

¶ 3                                          I. BACKGROUND

¶ 4    The State filed a complaint for search warrants for the defendant and his residence. Attached to the complaint is the affidavit of Officer Jose Vargas. His affidavit averred that he was assigned to the Quad City Metropolitan Enforcement Group. He received information from a confidential informant. The confidential informant had provided truthful and accurate information in the past. The informant had provided information that led to four or more arrests and helped supply the basis for four or more search warrants and led to the discovery and seizure of drugs, firearms, and other contraband. The confidential informant had made previous purchases of crack cocaine from the defendant at the defendant's residence. Within the prior 14 days of the writing of the affidavit, Vargas conducted a controlled purchase with the confidential informant. Vargas searched the informant prior to the purchase and did not find any contraband. Vargas then observed the informant walk to and enter the defendant's residence. The informant purchased a substance from the defendant and returned to Vargas. The substance later tested positive for the presence of cocaine. The affidavit also noted that the defendant had prior drug related convictions. The trial court issued search warrants for the defendant and his residence.

¶ 5    Following the execution of the search warrants, the defendant was arrested and charged with possession with intent to deliver more than 1 gram but less than 15 grams of cocaine (720 ILCS 570/401(c)(2) (West 2016)). Prior to trial, defense counsel filed a motion to suppress statements the defendant made while in custody. The motion argued that the defendant was illegally arrested prior to the search of his residence. Therefore, the motion sought to suppress the statements the defendant made while the police searched his residence. Counsel did not file a motion to suppress attacking the sufficiency of the search warrants.

¶ 6    At the hearing on the defendant's motion, Officer Eric Roloff, testified that like Vargas he was assigned to the Quad City Metropolitan Enforcement Group. He and another officer were

2

conducting surveillance on the defendant's residence while other officers were preparing to execute the search warrant on the defendant's residence. Roloff and his partner observed the defendant leave the residence with his girlfriend and enter a vehicle. Roloff called the police department and asked another officer to make a traffic stop on the defendant's vehicle. The defendant's vehicle was stopped approximately 10 to 12 blocks away from the defendant's residence. Roloff arrived at the scene of the traffic stop. Roloff informed the defendant of the search warrants for his person and residence. The officers searched the defendant. The officers only found $753 in currency.

¶ 7        Roloff then transported the defendant to the police department. Roloff explained that the defendant was detained and transported to the police department for officer safety. Because the defendant's residence had not yet been searched, the defendant was detained to prevent him from returning to his home to destroy or conceal evidence and potentially ambush the officers attempting to search his home. Roloff did not mention the controlled drug purchase as a reason for detaining the defendant.

¶ 8        At the police department, the defendant was placed in an interview room and provided *Miranda* warnings. Roloff interrogated the defendant while officers executed the search warrant on the defendant's residence. The defendant made incriminating statements during the interview. Eventually, officers found crack cocaine after searching the defendant's residence.

¶ 9        Following the testimony, defense counsel argued that the defendant was under arrest at the time he was pulled over and taken to the police department for questioning. According to defense counsel, the police did not have probable cause at the time of the arrest because officers had not yet searched the defendant's residence, and the officers did not find any contraband on the defendant's person. Therefore, defense counsel argued that the defendant's statements made

while at the police department should be suppressed. Defense counsel acknowledged that under *Bailey v. United States*, 568 U.S. 186 (2013), a detention incident to a search warrant is permissible only when the person is detained within the vicinity of the premises to be searched. Because the defendant was detained blocks away from his residence, the defense argued that the defendant's detention was not permissible under *Bailey*.

¶ 10        In response, the State argued that the defendant was not under arrest at the time he was taken to the police department. Therefore, the State claimed that the officers did not need probable cause to detain the defendant. The State argued that the defendant's brief detention for officer safety reasons was permissible under *Bailey* while the other officers searched the defendant's residence.

¶ 11        Following the parties' arguments, the trial court asked the parties whether the allegations of the controlled drug purchase described by Vargas in his affidavit established probable cause to arrest the defendant. The court took the matter under advisement. Ultimately, the court denied the defendant's motion. The court found that officers had probable cause to arrest the defendant based on the allegation of the controlled drug purchase described in the search warrants.

¶ 12        The cause proceeded to a bench trial. The court found the defendant guilty of the lesser offense of possession of a controlled substance with intent to deliver less than one gram of cocaine. The court sentenced the defendant to five years' imprisonment. The defendant filed a posttrial motion in which he argued that the trial court erred by denying his motion to suppress statements. The trial court denied the motion.

¶ 13                                              II. ANALYSIS

¶ 14        On appeal, the defendant argues that defense counsel provided ineffective assistance for failing to file a motion to quash the search warrants. The defendant also contends that the trial

4

court erred in denying his motion to suppress the statements he made when questioned by the police. We discuss each argument in turn.

¶ 15                            A. Ineffective Assistance of Counsel

¶ 16      Every defendant has a constitutional right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. To establish ineffective assistance of counsel, the defendant must show both: (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that the substandard representation prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984) (adopting *Strickland*).

¶ 17      Here, the defendant contends that counsel was ineffective for failing to file a motion to quash the search warrants. Specifically, the defendant contends that counsel should have filed the motion and argued that the affidavit for search warrants failed to establish probable cause to search the defendant and his residence.

¶ 18      An attorney's decision whether to file a motion to suppress is generally a matter of trial strategy that is entitled to great deference. *People v. White*, 221 Ill. 2d 1, 21 (2006). To establish prejudice resulting from counsel's failure to file a motion to suppress evidence, a defendant must show that: (1) the unargued suppression motion would have succeeded, and (2) there is a reasonable probability that the outcome of the trial would have been different had the evidence been suppressed. *People v. Henderson*, 2013 IL 114040, ¶ 12. A defendant's failure to establish either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel. *People v. Patterson*, 217 Ill. 2d 407, 438 (2005). In the present context, the defendant must show that the affidavit for the search warrants failed to establish probable cause.

5

¶ 19    At a probable cause hearing, the warrant judge must make a practical, commonsense assessment of whether, given all the circumstances set forth in the affidavit, there is a fair probability that evidence of a particular crime will be found in a particular place. *People v. Hickey*, 178 Ill. 2d 256, 285 (1997). "A showing of probable cause means that the facts and circumstances within the knowledge of the affiant are sufficient to warrant a person of reasonable caution to believe that an offense has occurred and that evidence of it is at the place to be searched." *People v. Moser*, 356 Ill. App. 3d 900, 908 (2005). The standard for probable cause rests upon the probability of evidence of criminal activity, not a showing of proof beyond a reasonable doubt. *People v. Brown*, 2014 IL App (2d) 121167, ¶ 22 (citing *People v. Stewart*, 104 Ill. 2d 463, 475-76 (1984)).

¶ 20    Here, Vargas's affidavit for the search warrants averred that he used a confidential informant to make a controlled purchase of drugs from the defendant. The informant had previously provided the police with truthful and accurate information that led to four arrests. The controlled purchase occurred at most 14 days prior to the filing of the complaint for search warrant. The confidential informant positively identified the defendant having previously purchased drugs from the defendant. Vargas searched the confidential informant prior to the purchase and did not find any drugs. Vargas observed the informant enter the defendant's residence, then return to Vargas. The informant purchased a substance that tested positive for the presence of cocaine. The informant had also previously purchased drugs from the defendant at the same residence. The affidavit also alleged that the defendant had previously been convicted of drug related offenses. Considering the reliable source and Vargas's personal observation of the controlled purchase, we conclude that the complaint for search warrants sufficiently established probable cause to believe that evidence of the defendant's drug sales would be found

6

on his person and his residence. Therefore, we conclude that the defendant failed to show prejudice from counsel's decision not to file a motion to suppress that lacked merit. *Patterson*, 217 Ill. 2d at 438.

¶ 21     In reaching this conclusion, we reject the defendant's argument that the complaint for search warrants was insufficient because Vargas's affidavit did not specify the dates, times, and amount of drugs the informant had purchased from the defendant. Although the complaint for search warrants did not provide specificity as to the drug sales, the affidavit established that the defendant had sold cocaine from his residence on more than one occasion. The failure to allege the amount of cocaine sold does not change the result. The complaint for search warrants did not need to establish that the defendant was running a large-scale drug operation. Rather, the State needed to show only that the defendant engaged in a continuing course of criminal conduct. *People v. Beck*, 306 Ill. App. 3d 172, 179 (1999). The affidavit makes a showing that the defendant was engaged in an ongoing course of criminal activity by selling cocaine to the confidential informant.

¶ 22                                    B. Motion to Suppress Statements

¶ 23     Next, the defendant contends that the trial court erred in denying his motion to suppress the statements he made while in custody. The State contends that the defendant has forfeited review of this issue by failing to include the issue in his posttrial motion. We disagree. Defense counsel raised the issue in his motion to suppress, and then raised the argument again in his posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 189 (1988). Consequently, we find the issue is preserved.

¶ 24     Returning to the defendant's argument. The defendant contends that he was arrested and questioned without probable cause. The defendant claims that the officers lacked probable cause

7

to detain him after a search of his person did not reveal any contraband. Because the search of his residence had yet to occur, he contends that the officers lacked probable cause to detain him and transport him to the police department for questioning. Therefore, the defendant argues that the trial court should have suppressed his statements.

¶ 25 We review the trial court's ruling on a motion to suppress evidence under a two-part test. *People v. Harris*, 228 Ill. 2d 222, 230 (2008). The trial court's factual findings are entitled to deference and will be reversed only if they are against the manifest weight of the evidence. *Id.* The ultimate ruling of whether reasonable suspicion or probable cause exists and whether suppression is warranted is reviewed *de novo*. *Id.*

¶ 26 Initially, we note that the parties dedicate much of their arguments on the issue of whether the officers had authority to detain the defendant without probable cause while executing the search warrant at the defendant's residence. We need not reach this issue because we find the officers had probable cause to arrest the defendant prior to searching his residence.

¶ 27 As noted above (supra ¶ 20), Vargas conducted a controlled drug purchase with a reliable informant. The controlled purchase conducted within 14 days of the defendant's arrest provided the officers with probable cause to arrest the defendant at the time they stopped the defendant's vehicle several blocks from his residence. Therefore, we find that the trial court did not err by denying the defendant's motion to suppress evidence.

¶ 28 In reaching this conclusion, we reject the defendant's argument that the trial court improperly justified the defendant's arrest because the controlled drug purchase was unrelated to the crime the defendant was ultimately charged with. In other words, the charge in this case was based on the cocaine found inside the defendant's residence—not the cocaine he sold to the informant. Therefore, the defendant contends that the officers could not later justify the

8

defendant's arrest based on the unrelated crime. In support of this proposition, the defendant relies upon *People v. Nash*, 78 Ill. App. 3d 172 (1979), and *People v. James*, 255 Ill. App. 3d 516 (1993). We find these cases distinguishable.

¶ 29 In *Nash*, 78 Ill. App. 3d at 174-75, the defendant was arrested for murder. The defendant moved to suppress statements he made while in custody. *Id.* at 175. The appellate court found that the police lacked probable cause to arrest the defendant for murder. *Id.* at 176. However, the State attempted to justify the defendant's arrest based on another unrelated crime. *Id.* During the investigation, the police learned that the defendant's vehicle was using the license plates of another vehicle. *Id.* Therefore, the State argued that the defendant could have properly been placed under arrest for the unrelated crime. *Id.* The appellate court rejected the argument reasoning that in retrospect, probable cause to arrest for another unrelated offense cannot be used to justify an illegal arrest. *Id.* Stated differently, the court found that the police could not be justified in arresting the defendant for an offense that they did not contemplate at the time of arrest.

¶ 30 Similarly, in *James*, 255 Ill. 3d at 516, the defendant was arrested for arson. Prior to the defendant's arrest, the police were told by the defendant's ex-girlfriend that he had hit and kicked her the night of the fire. *Id.* at 519. While in custody, the defendant failed a polygraph test. *Id.* at 520. The defendant filed a motion to suppress arguing that he was arrested without probable cause. *Id.* at 518. The trial court refused to consider whether probable cause existed to arrest the defendant for arson. *Id.* at 522. Instead, the trial court justified the defendant's arrest based on the battery allegation. *Id.* On appeal, the appellate court rejected the trial court's finding on the same basis as *Nash*. In other words, the police did not contemplate arresting the defendant for battery while they investigated the defendant for arson.

¶ 31    Here, unlike *Nash* and *James*, the two offenses are related. The controlled drug purchase was the basis for the issuance of search warrants for the defendant and his residence. Thus, while it is unclear if the defendant was ever charged for the controlled drug purchase, the charges in this case were intertwined with the investigation of the defendant's ongoing criminal activity. That is, both offenses were part of the same investigation. The controlled drug purchase was therefore contemplated at the time of the defendant's arrest.

¶ 32    Despite this, the defendant contends that the trial court erred when it found that Roloff knew of the controlled drug purchases conducted by Vargas. Because Roloff testified that he detained the defendant for officer safety reasons, the defendant contends that Roloff did not know of the prior controlled purchase and, therefore, lacked probable cause to arrest the defendant. It is true that Vargas—not Roloff—conducted the controlled drug purchase and sought search warrants for the defendant and his residence. However, it is reasonable to infer that Roloff was aware of the prior controlled drug purchase. Roloff assisted Vargas in executing the search warrants. Roloff conducted surveillance on the defendant's residence while Vargas and other officers prepared for the search. Roloff possessed the search warrant and executed it by searching the defendant's person. It is reasonable to conclude that Roloff was aware of the basis for the search—*i.e.*, to investigate the defendant's drug activity given that Roloff eventually interviewed the defendant regarding his drug activities. When police officers are working together, the knowledge of each is the knowledge of all. *People v. Fonner*, 385 Ill. App. 3d 531, 541 (2008). Roloff had the right to rely on the knowledge of Vargas that the defendant had previously sold drugs during a controlled drug purchase. Accordingly, we cannot say that it was against the manifest weight of the evidence for the trial court to find that Roloff was aware of the controlled drug purchase when he arrested the defendant.

10

¶ 33                                    III. CONCLUSION

¶ 34          The judgment of the circuit court of Rock Island County is affirmed.

¶ 35          Affirmed.